**D.C. WHEELER and John Thedford Sims, Plaintiffs-Appellants,**

v.

**COSDEN OIL AND CHEMICAL CO., et al., Defendants-Appellees.**

No. 82–1711.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1984.

John H. Green, Odessa, Tex., for plaintiffs-appellants.

Maxwell, Godwin & Carlton, Donald E. Godwin, David L. Butler, J. Richard Tubb, Dallas, Tex., for Cosden, American, Tate, Weeks, Thomas & Long.

Joe Mattox, Atty. Gen., Sharon Gillespie, Asst. Atty. Gen., Philip Durst, Austin, Tex., for Farr.

## ON PETITION FOR REHEARING AND SUGGESTIONS FOR REHEARING EN BANC

(Opinion June 18, 5 Cir., 1984, 734 F.2d 254)

Before GEE, RANDALL and JOHNSON, Circuit Judges.

GEE, Circuit Judge:

On rehearing, Appellees attack our disposition of the claims sounding in false arrest and imprisonment and malicious prosecution, 734 F.2d at 257–61, as conflicting with earlier authority of the Circuit. As we conclude that regarding the false arrest and imprisonment claim Appellees' petition has merit, we modify our earlier disposition to that extent only.

■■■ We are constrained to agree with Appellees that *Smith v. Gonzales,* 670 F.2d 522 (5th Cir.1982), governs this aspect of the appeal. *Smith* holds that where an officer maliciously procures a valid warrant of an impartial magistrate, "the intermediaries' decision to issue a warrant ... breaks the causal chain and insulates the initiating party" so that he has not committed any constitutional violation. *Id.* at 526. This is the law of the Circuit, and we must follow it. Our original disposition is therefore modified so as to affirm the district court's dismissal of the claims sounding in false arrest and imprisonment.

As for the claims sounding in malicious prosecution, however, neither *Smith* nor any of the other authorities advanced by Appellees controls them.[1] In *Rodriguez v. Ritchey,* 556 F.2d 1185, 1193 (5th Cir.1977) (en banc), we clearly distinguished false imprisonment from malicious prosecution. Only while considering the plaintiff's claim for false imprisonment did the en banc court hold that an "intermediate decision breaks the causal chain and insulates an initiating party." In considering the claim for malicious prosecution, the court held only that sufficient facts to support a claim for malicious prosecution had not been stated because the plaintiff had never asserted the existence of the necessary element of malice. Similarly, the court in *Smith,* in holding that the intervention of an intermediate broke the causal chain, was dealing solely with a claim for false arrest and imprisonment, not malicious prosecution.

1. In addition to *Smith,* Appellees cite the two *Simon* opinions, 711 F.2d 740 (5th Cir.1983), and 644 F.2d 490 (5th Cir.1981), and *Rodriguez*

*v. Ritchey,* 556 F.2d 1185 (5th Cir.1977) (en banc).

*See Thomas v. Sams,* 734 F.2d 185 (5th Cir.1984) (false arrest and imprisonment).

The same is true of the *Simon* opinions, in the first of which we emphasized that "the damages alleged by the complaint are solely those resulting from Simon's allegedly wrongful arrest, search, and imprisonment." *Simon v. United States,* 644 F.2d 490, 493 (5th Cir.1981). The same cause of action was concerned in the second appeal, and we there characterized it as "a cause of action for false arrest and false imprisonment." 711 F.2d at 744. Since these authorities do not conflict with our original disposition of the claim sounding in malicious prosecution, we reaffirm it and the remainder of our original disposition. It is so ORDERED.

The Petition for Rehearing is DENIED and no member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.