Gary Wayne FREEMAN, Plaintiff-Appellee,

v.

Richard RIDEOUT, Defendant-Appellant.

No. 1513, Docket 86–2153.

United States Court of Appeals, Second Circuit.

Aug. 14, 1987.

Judge OAKES dissents in a separate opinion from the denial of the rehearing in banc, and Judge NEWMAN also dissents in a separate opinion, in which Judge PIERCE joins.

OAKES, Circuit Judge (dissenting from denial of rehearing en banc):

I dissent from the denial of rehearing en banc.

In this case, now reported at 808 F.2d 949 (2d Cir.1986), in an opinion by Chief Judge Re for a panel including Judges Pratt and Miner, the panel held that a state prison inmate had no claim under section 1983 against a prison correctional officer for filing false charges against the inmate which resulted in thirty days of segregation after a disciplinary hearing was held. The gist of the court's opinion is that once the procedural requirements of *Wolff v. McDonnell* are met, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), in that the

inmate is given twenty-four hours' advance written notice of the charges, an opportunity to appear at the hearing, to call witnesses, and to present rebuttal evidence, and a written statement by the fact finders, his rights are fully satisfied.

The opinion in this case, like that in *Hanrahan v. Lane*, 747 F.2d 1137 (7th Cir. 1984), engages in purely procedural due process analysis and does not follow the precedents of this court in *Conway v. Village of Mt. Kisco*, 750 F.2d 205 (2d Cir. 1984), *reaff'd*, 758 F.2d 46, 48 (2d Cir.1985), *cert. granted sub nom. Cerbone v. Conway*, 474 U.S. 1100, 106 S.Ct. 878, 88 L.Ed.2d 915 (1986), *cert. denied as improvidently granted*, — U.S. —, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986); *see also McClary v. O'Hare*, 786 F.2d 83, 85 n. 2 (2d Cir.1986), in looking at the substantive due process aspects of the plaintiff's claim. *See also Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 671, 88 L.Ed.2d 662 (1987) (concurring opinion of Stevens, J.) (due process clause contains substantive component "which bars certain arbitrary government actions 'regardless of the fairness of the procedures used to implement them' "). It is on this basis that police officers and other state agents may be sued under section 1983 for transmitting false information to a prosecutor or in filing false charges. *Conway, supra; Wheeler v. Cosden Oil and Chemical Co.*, 734 F.2d 254, 260, *modified*, 744 F.2d 1131 (5th Cir.1984); *Dellums v. Powell*, 660 F.2d 802 (D.C.Cir. 1981); *Hampton v. Hanrahan*, 600 F.2d 600, 630 (7th Cir.1979), *rev'd on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). It is *precisely* in this situation where an individual is in the control of the state that substantive due process plays a major role. *See* Wells & Eaton, *Substantive Due Process and the Scope of Constitutional Torts*, 18 Ga.L. Rev. 242–45 (1984); *see also Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) (substantive due process analysis per Friendly, J.). *See also Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); *Alcorta v. Texas*, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957); *Napue v.*

*Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). While a life or death sentence is not involved here, thirty days of segregation is a lot. It is my belief that the knowing proffering of false evidence by a state agent, even in the prison context, works a denial of substantive due process which is not cured by a hearing meeting procedural due process requirements. To the extent that the Seventh Circuit case, *Hanrahan v. Lane*, holds to the contrary, I simply disagree with it.

Accordingly, I dissent from the denial of rehearing en banc.

JON O. NEWMAN, Circuit Judge, with whom PIERCE, Circuit Judge, concurs (dissenting from denial of rehearing in banc):

As Judge Oakes points out, the panel decision clearly conflicts with decisions of the Supreme Court and this Court by failing even to consider whether the inmate's thirty-day confinement in segregation, found by the District Court to have resulted from false charges brought by a corrections officer, violates the substantive due process component of the Fourteenth Amendment. Whether a violation has occurred requires consideration of two issues.

The first is whether the inmate's interest in not being placed in segregation is protected by substantive due process. Following *Hewitt v. Helms*, 459 U.S. 460, 466–68, 103 S.Ct. 864, 868–70, 74 L.Ed.2d 675 (1983), we have recognized that the source of an inmate's liberty interest in remaining in the general prison population is state law, rather than the Constitution. *Deane v. Dunbar*, 777 F.2d 871, 875 (2d Cir.1985). That interest unquestionably enjoys the protection of procedural due process. Whether a liberty interest grounded only on state law also enjoys the protection of substantive due process is a fair question.

The second issue is whether substantive due process is violated by segregation of a sentenced inmate on the basis of charges known to be false by the corrections officer who initiated them. Unquestionably imprisonment for a conviction obtained by a prosecutor's knowing use of false testimony is a denial of due process. *Napue v.*

*Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Alcorta v. Texas,* 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957); *Mooney v. Holohan,* 294 U.S. 103, 112, 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935). The extent to which this principle applies in the context of prison disciplinary proceedings is also a fair question.

However we might decide these two issues, this case should be reheard in banc because the panel, in clear conflict with authoritative law of the Supreme Court and this Court, has decided this case as if substantive due process does not exist.

I dissent from the denial of rehearing in banc.