**Ronald WINSTON, Plaintiff,**

v.

**Thomas A. COUGHLIN, III, et al., Defendants.**

**No. CIV–90–1234S.**

United States District Court, W.D. New York.

March 10, 1992.

Ronald Winston, pro se.

Mark R. Walling, Asst. Atty. Gen., of counsel, Buffalo, N.Y., for defendants.

### DECISION AND ORDER

SKRETNY, District Judge.

Plaintiff Ronald Winston, an inmate at Wende Correctional Facility ("Wende"), has brought this action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Thomas

Coughlin, Commissioner of the Department of Correctional Services ("DOCS"), Dominic Mantello, Superintendent of Wende, Acting Captain C. Walker, Lieutenant Sheldon, Sergeant R. Cooks and Corrections Officer J. Zink. Defendants Coughlin and Walker have filed answers. Defendants Mantello, Sheldon, Cooks and Zink have moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6).

For the reasons set forth below, the motion to dismiss of defendants Mantello and Sheldon is granted and the motion to dismiss of defendants Cooks and Zink is denied.

## FACTS

On this motion to dismiss, the factual allegations set forth in plaintiff's complaint are deemed to be true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

On May 18, 1990, while plaintiff was being housed in Wende's Hospital Infirmary, inmates on his floor protested the violent treatment of a fellow prisoner by prison officers. Defendant Cooks and others ordered in the "Riot Squad" to "put down the protest" (Complaint, ¶ 5), whereupon the riot squad ". . . moved in and started to beat everyone in sight indiscriminately causing serious injury to several inmates." (Complaint, ¶ 7). Two unnamed corrections officers then took plaintiff from the hospital floor to the Special Housing Unit ("SHU") where he was placed in a shower stall for three and one half hours before being strip searched and taken to a cell. (Complaint, ¶ 9).

Plaintiff further alleges that defendants Zink and Cooks subsequently filed misbehavior reports charging plaintiff with assault on staff, disobeying a direct order, rioting and threats. (Complaint, ¶ 10). Plaintiff alleges that the reports were "false and misleading" and ". . . were fabricated with malice and specific intent to cause harm to me and to gloss over and cover-up the gross misconduct, unprofessionalism and indifference demonstrated by . . ." defendants Cooks and Zink. (Complaint, ¶¶ 19–20). Defendant Sheldon re-

viewed the reports, and on May 26, 1990, defendant Walker conducted a disciplinary hearing. (Complaint, ¶¶ 12–13). Plaintiff alleges that he was denied his due process rights at this hearing because the defendant Walker denied plaintiff the opportunity to interview witnesses and declined to view video tape evidence of the disturbance which would have exonerated him. (Complaint, ¶¶ 14–15). Defendant Walker found plaintiff guilty on all the charges and rendered a disposition of five years in SHU, five years loss of good time and five years loss of all privileges. (Complaint, ¶¶ 21–23). On appeal, all charges were dismissed, except for the charge of disobeying a direct order, for which plaintiff was ordered to serve 90 days in SHU. (Complaint, ¶¶ 24–26).

Plaintiff seeks $150.00 in damages for each of the 93 days he spent in the SHU and further damages for mental anguish and loss of wages. He further seeks that all reference to the charges, including the charge of disobeying a direct order which remained after his administrative appeal, be expunged from his records.

## DISCUSSION

A motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Bass v. Jackson*, 790 F.2d 260, 262 (2d Cir.1986). Further, a *pro se* complaint must be read liberally and should not be dismissed without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991).

### Defendants Mantello and Sheldon

Plaintiff predicates his claim against defendant Mantello on Mantello's status as an agent of DOCS, responsible for supervising the hearing officer. (Complaint, ¶¶ 40–42). As to defendant Sheldon, plaintiff alleges that Sheldon failed ". . . to

properly investigate the incident before officially endorsing same and ... his endorsement gives legitimacy to a fabricated and misleading Report...." (Complaint, ¶ 32). However, in this Circuit, "[p]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 U.S.C.] § 1983." *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986), citing *McKinnon v. Patterson*, 568 F.2d 930 (2d Cir.1977) *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). Although direct participation in the violation need not be established if it is shown that a defendant had "actual or constructive notice of unconstitutional practices," *Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir.1989), the complaint does not allege that defendants Mantello or Sheldon[1] were either directly or indirectly involved in the conduct at issue in this case. Accordingly, the complaint against them must be dismissed for failure to state a claim.

### Defendants Cooks and Zink

■ Plaintiff alleges that defendants Cooks and Zink deprived him of Due Process by filing fabricated misbehavior reports. The Second Circuit ruled in *Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir.1986), *reh'g denied*, 826 F.2d 194 (2d Cir.1987), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988), that a prison guard's filing of unfounded charges against a prison inmate does "... not give rise to a *per se* constitutional violation actionable under section 1983." The court reasoned that "... [p]laintiff suffered as a result of the finding of guilty by the prison disciplinary committee hearing, and not merely because of the filing of unfounded

charges by the defendant." *Id.*, 808 F.2d at 953. Because the hearing had met minimum due process requirements[2], no constitutional violation had occurred and plaintiff had no cause of action under section 1983.

In a subsequent case, however, the Second Circuit held that the filing of false charges by a prison official against a prison inmate does state a cause of action under section 1983 if such actions infringed upon the inmate's substantive constitutional rights. *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir.1988). There, the plaintiff alleged that defendant filed the false report against him in retaliation for his cooperation with a state administrative investigation of alleged inmate abuse at the prison. The court said that such retaliatory actions by prison officials implicated plaintiff's First Amendment right to petition the government for redress of grievances, and therefore, plaintiff had stated a cause of action under section 1983. *Id.*, 854 F.2d at 589–90.

> Although our decision in *Freeman* accords prison officials wide latitude in disciplining inmates as long as minimum constitutional procedures are employed ... that latitude does not encompass conduct that infringes on an inmate's substantive constitutional rights.

*Id.*, 854 F.2d at 590 (citations omitted). The court also said that inmates may resort to section 1983 actions to vindicate rights guaranteed by the Eighth Amendment, but that it was not clear "... to what extent section 1983 is available to vindicate certain substantive rights arising out of the Due Process Clause." *Id.*, 854 F.2d at 590.

Plaintiff alleges a due process violation because Cooks and Zink filed the false disciplinary reports "... with malice and spe-

---

1. The function of the review officer is not to conduct an independent investigation into the violation alleged in the misbehavior report but simply to refer the report to the appropriate disciplinary body once the officer is satisfied that the report states a valid charge. *See* 7 N.Y.Comp.Codes R. & Regs. § 251-2 (1983).

2. The minimum requirements are those set forth by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974):

> An inmate charged with a violation must be given (1) advance written notice of the charges at least 24 hours before the hearing; (2) the opportunity to appear at the hearing, to call witnesses, and to present rebuttal evidence; and (3) a written statement by the factfinders as to the evidence relied on for their decision, and the reasons for the prison committee's action.

*Freeman v. Rideout, supra*, at 953, citing *Wolff v. McDonnell*, 418 U.S. 539, 564–66, 94 S.Ct. 2963, 2978–80.

cific intent to cause harm to me and to gloss over and cover up the gross misconduct, unprofessionalism and indifference demonstrated by the Authors of said Reports...." (Complaint, ¶ 20). Taken in isolation, as would normally be proper in a motion under Rule 12(b)(6), this allegation does not implicate a substantive constitutional right. *See Garrido v. Coughlin,* 716 F.Supp. 98, 101 (S.D.N.Y.1989) (no substantive constitutional violation where guard filed allegedly false disciplinary report in retaliation for verbal confrontation with inmate over guard's treatment of another inmate). However, because I must liberally construe plaintiff's *pro se* complaint, I find that this allegation survives the motion to dismiss of defendants Cooks and Zink. Although the Complaint does not allege that plaintiff himself was physically beaten in violation of the Eighth Amendment, plaintiff's papers filed in opposition to the instant motion allege that "... he suffered unnecessary wanton infliction of pain caused by the named defendants, Physically as well as mentally" and that his Eighth Amendment Rights were violated. Therefore, plaintiff may be attempting to claim that he was beaten and that defendants filed a false misconduct report against him to conceal this "gross misconduct." If this is the case, then such actions may implicate plaintiff's substantive Eighth Amendment rights within the meaning of *Franco,* and plaintiff may be able to prove some set of facts in support of his claim which would entitle him to relief. Therefore, the motion of defendants Cooks and Zink to dismiss the complaint is denied.[3]

## CONCLUSION

For the reasons set forth above, plaintiff has not stated a valid claim against defendants Mantello and Sheldon. Accordingly, the motion of those defendants to dismiss the complaint is granted. However, plaintiff has stated a claim against defendants Cooks and Zink. Accordingly, the motion of those defendants to dismiss the complaint is denied.

## ORDER

IT HEREBY IS ORDERED, that the motion of defendants Mantello and Sheldon to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) is granted.

FURTHER, that the Clerk of the Court is directed to enter final judgment dismissing the complaint against defendants Mantello and Sheldon.

FURTHER, that the motion of defendants Cooks and Zink to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is denied.

SO ORDERED.

---

**3.** My holding is limited specifically to the possibility that plaintiff may be able to prove that defendants filed allegedly false disciplinary reports against plaintiff to conceal an Eighth Amendment violation. I do not suggest that plaintiff may be able to show that the filing of such reports implicated a substantive due process right, *See Franco v. Kelly, supra,* 854 F.2d at 590, nor do I attempt to delineate the parameters of any such right.