United States Court of Appeals,

Fifth Circuit.

No. 92–3144

Summary Calendar.

John DOE, Individually and on behalf of his minor two children, Plaintiffs–Appellees,

v.

STATE OF LOUISIANA, Department of Health & Human Resources, Department of Social Services, Office of Community Services, et al., Defendants.

Paula Bennett and Sheryl George, Defendants–Appellants.

Oct. 5, 1992.

Appeal from the United States District Court For the Eastern District of Louisiana.

Before THORNBERRY, DAVIS, SMITH, Circuit Judges.

THORNBERRY, Circuit Judge:

Plaintiffs filed a lawsuit pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourteenth Amendment to the United States Constitution. The defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted based on qualified immunity of the individual caseworkers, Bennett and George. The district court denied the motion to dismiss, holding that the plaintiffs had overcome the defense of qualified immunity because their complaint's alleged facts indicated that the caseworker's conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. On review of a district court's denial of dismissal for failure to state a claim for which relief can be granted, we must accept as true all well-pleaded facts. The complaint is not subject to dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chrissy F. By Medley v. Mississippi Department of Public Welfare,* 925 F.2d 844, 846 (5th Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The same is true when immunity is urged in a motion to dismiss. *Id.* (quoting *Holloway v. Walker,* 765 F.2d 517, 519 (5th Cir.), cert. denied, 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985)). After review of the district court's order as well as the plaintiff's original amended complaint,

we find that the complaint alleges facts, specifically misrepresentations by the caseworker to both judges and the District Attorney's office, that if proven, would establish that plaintiff's constitutional rights were violated. Taking the allegations of the complaint as true, we affirm the decision of the district court.

Facts and Proceedings Below

Plaintiff Doe and his wife were divorced and both were awarded joint custody of the two minor children, with Doe remaining as custodial parent. During a routine examination for a rash in the vaginal area, the pediatrician inquired as to whether it was possible that the child had been sexually abused. The Mother said that it could at least be possible because the child did not live with her full time. The physician then referred the Daughter to Children's Hospital for a culdoscopic examination to rule out sexual abuse. Thereafter, the physician filed a report of suspected abuse with the Office of Community Services ("OCS") as required by state law. The OCS commenced an investigation immediately on August 6, 1990. It is the methods used during this investigation, conducted by OCS caseworker George and her supervisor Bennett, which plaintiff alleges violated his constitutional rights.

The adjudication of plaintiff was held approximately four months after the investigation had begun. No physical evidence of abuse was presented and two child psychologists opined that no abuse had ever occurred. Immediately after all testimony, the judge dismissed charges against plaintiff for lack of evidence. Shortly thereafter, this civil action was instituted.

After thorough review of plaintiff's amended complaint, we find that the plaintiff has plead with particularity that the defendants misrepresented facts concerning interviews with plaintiff's children and the existence of crucial evidence. In addition, the complaint clearly alleges that defendants gave false information to the District Attorney's office.

## Discussion

John Doe's complaint alleges that defendants George and Bennett violated plaintiff's fundamental liberty interest in the family unit and right of privacy through malicious investigation/prosecution. Defendants George and Bennett plead the defense of qualified immunity, and now argue that plaintiff cannot pass the threshold question of whether the plaintiff has asserted a violation of a known constitutional right at all. *Siegert v. Gilley,* ⸺ U.S. ⸺, ⸺, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

In order for Doe to overcome defendant's defense of qualified immunity, Doe must first show that at the time of the alleged conduct there was a clearly established constitutional right that was violated and that a reasonable person would have known that her conduct violated that constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); see also *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Hodorowski v. Ray,* 844 F.2d 1210, 1216 (5th Cir.1988). Further, if the applicable law that binds the conduct of the caseworkers is clearly established at the very moment that the allegedly actionable conduct was taken, the immunity defense should fail. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

Appellant argues that John Doe has not plead a clearly established constitutional right, and thus has not met the prerequisite to maintaining a Section 1983 claim, and has not overcome the defense of qualified immunity. John Doe's complaint does at least allege the violation of one clearly recognized constitutional right—the right to be free from bad faith and malicious prosecution. This single recognized constitutional right is sufficient to support plaintiff's complaint and allow him to prevail in defendant's motion to dismiss. John Doe's complaint also alleged with particularity a violation of the fundamental liberty interest in the care and management of his minor children. We need not decide whether this alleges a constitutional violation.

In *Sanders v. English,* 950 F.2d 1152, 1163 (5th Cir.1992), this Circuit clearly recognized

that there is a constitutional right to be free from bad faith or malicious prosecutions and that these type allegations are sufficient to support a damage claim against state officials under 42 U.S.C. § 1983. In addition, this Circuit affirmed that those acting under color of state authority can be liable for tendering false information to a prosecutor or deliberately concealing or failing to disclose exculpatory evidence which would lead a prosecutor to believe he had probable cause to prosecute when he does not. *Id.* A state actor can be found liable under both § 1983 and the common law for malicious prosecution when a jury could find the defendants concealed and misrepresented facts to a prosecutor, facts which were likely to influence the decision of whether or not to continue prosecuting him up to the day of trial. *See Sanders,* 950 F.2d at 1163 (quoting *Goodwin v. Metts,* 885 F.2d 157, 162–63 (4th Cir.1989) and *Jones v. City of Chicago,* 856 F.2d 985, 993 (7th Cir.1988)). While the Sanders decision clearly defines the perimeters of malicious prosecution claims under a § 1983 claim, the essence of *Sanders* was derived from both *Hand v. Gary,* 838 F.2d 1420, 1427 (5th Cir.1988) and *Wheeler v. Cosden Oil and Chemical Co.,* 734 F.2d 254, 260 (5th Cir.), *modified but reaffirmed in relevant part,* 744 F.2d 1131 (5th Cir.1984). Therefore, these decisions were in effect in Louisiana at the time of the alleged malicious prosecution. But whether or not defendants George and Bennett were aware of these cases is of no moment. Any reasonable state actor employed in a capacity which embraces law enforcement would surely realize that misrepresenting or concealing facts to judges or prosecutors is a violation of the accuseds' guaranteed rights under the United States Constitution.

Conclusion

Taking the allegations of the plaintiff's complaint as true, as we must do upon a motion to dismiss, and finding that plaintiff has plead a violation of a clearly recognized constitutional right which a reasonable person would have recognized at the time the actionable conduct was taken, we AFFIRM the order of the district court. We do not address the liberty interest arguments of either appellant or appellee as we find it unnecessary to do so at this time.