Terry PATTERSON,

v.

**J.M. ARMATYS, Liberty County Sheriff Officer and David Womack, Montgomery County Organized Crime Unit.**

**Civ. A. No. 1:92CV0232.**

United States District Court, E.D. Texas, Beaumont Division.

Dec. 15, 1992.

John E. Sherman, Houston, TX, for Terry Patterson.

Edgar Ross Norwood, Ron O. Norwood, Taylor and Norwood Law Firm, Liberty, TX, for Jimmy M. Armatys.

William S. Helfand, Hirsch, Glover, Robinson, and Sheiness Law Firm, Houston, TX, for David Womack.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

The Plaintiff, TERRY PATTERSON, brought this cause of action pursuant to pursuant to 42 U.S.C. §§ 1983, 1985, 1988 and the Fourteenth Amendment to the Constitution of the United States of America. The Defendants filed 12(b)(6) motions to dismiss for failure to state a claim for which relief can be granted. The Plaintiff alleges that the two defendant peace officers deprived him of his civil rights when he was indicted, arrested and charged with the crime of delivery of a controlled substance. The Court grants the Defendants' 12(b)(6) motions to dismiss.

The record reflects that on or about January 25, 1990 officers Womack and Armatys set up an undercover drug buy. The officers gave a confidential informant twenty dollars ($20.00) to purchase a controlled substance from Terry Patterson, while the officers observed the transaction from a police unit across the street. The officers observed the informant purchase a controlled substance from Patterson.

Based on these facts, Patterson was arrested for delivery of a controlled substance and engaging in organized crime. Shortly after his arrest Patterson was able to make bond, and was released from jail.

He was indicted in April 1990 and re-indicted in April of 1991. On January 6, 1992 the District Attorney for Liberty County moved to dismiss the case because the officers could not positively identify Patterson as the man who delivered the controlled substance and they could not rely on the informant's testimony to prove identity beyond a reasonable doubt. The case was dismissed.

Patterson then filed this suit in Federal Court contending that the actions of officers Armatys and Womack violated his constitutional and statutory rights. Patterson first alleges negligence on the part of the officers claiming that they knew, or should have known, that Patterson was not the person who delivered the controlled substance. Patterson also claims that the officers knew or should have known that the informant's testimony was not reliable. These acts of negligence Patterson characterizes as "reckless." Patterson next asserts that these officers deprived him of his rights because he was subjected to arrest, indictment, making bond, and being reported in the local press. Patterson says the officers falsely accused and maliciously prosecuted him without probable cause of any kind. He further alleges that the officers actions were motivated by malice, ill will, vindictiveness, and that there was a conspiracy between the officers to punish him.

■ Patterson's claim in this case is primarily based on 42 U.S.C. § 1983. A claim under this statute requires that, at the threshold, the plaintiff establish a deprivation of a right, privilege, or guarantee secured by the Constitution and laws of the United States. *Flagg Brothers, Inc., v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Though he never specifically mentions the Fourth Amendment in his complaint, the plaintiff does claim that he was arrested and charged without probable cause. Plaintiff also claims the violation of a Fourteenth Amendment right to be free from "deprivation of liberty, false arrest, false imprisonment, and malicious prosecution." The Fourth Amendment requires the states to provide a fair

and reliable determination of probable cause before any restraint of liberty takes place. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). The Fourth Amendment applies to states and their municipalities by virtue of their incorporation into the Fourteenth Amendment, and is enforced by statutes such as Section 1983. All of Plaintiff's various claims will be considered under Fourth Amendment scrutiny.

Once again this Court is faced with a Section 1983 action involving mistaken identity, unlawful arrest and false imprisonment. See *Von Williams v. City of Bridge City, Texas,* 588 F.Supp. 1187 (E.D.Tex.1984). These kinds of actions are not new in the Fifth Circuit. In *Rodriguez v. Ritchey,* 556 F.2d 1185 (5th Cir.1977) *(en banc), cert. denied* 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978) the court propounded an "insulation" rule based on long understood principles of due process. In *Ritchey* the court was dealing with negligence on the part of FBI agents who misidentified the plaintiff as a gambling suspect and arrested him. The arrest resulted in grand jury indictment. The District Court dismissed the plaintiff's case under Rule 12(b)(6) despite the actions of the agents. The Fifth Circuit affirmed. In doing so, the court held that a valid arrest does not become "unlawful" when the person arrested is later determined to be innocent. The *Ritchey* court also explained the due process requirements in false arrest and malicious prosecution cases:

"First, and most basically, an arrest made under authority of a properly issued warrant is simply not a 'false' arrest, it is a 'true' or valid one. Second, if the facts supporting an arrest are put before an intermediate such as a magistrate or grand jury, the intermediate's decision breaks the causal chain and insulates an initiating party. Third, the general rule is that one who is engaged merely in investigative work is not liable for a resulting false arrest, even if he acted maliciously."

*Rodriguez v. Ritchey,* at 1193–94.

One year later the Supreme Court decided *Baker v. McCollan,* 443 U.S. 137, 99

S.Ct. 2689, 61 L.Ed.2d 433 (1979). In that case the Court held that, regardless of whether an act is wrongful under state tort law, the right the plaintiff has under the Constitution is the right not to be deprived of liberty without due process of law. *Id.* at 142–145, 99 S.Ct. at 2693–2695. The Court also held that the

> "... [c]onstitution does not guarantee that only the guilty will be arrested. If it did, Section 1983 would provide a cause of action for every defendant acquitted— indeed, for every suspect released ... Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person."

*Id.* at 145, 99 S.Ct. at 2695.

■ Based primarily on the decisions in *Rodriguez v. Ritchey* and *Baker v. McCollan,* this Court held that a plaintiff does not have a cause of action under Section 1983 for the negligent conduct of police officers who investigated the crime for which the plaintiff is charged. *Von Williams v. City of Bridge City, Texas,* at 1190. Patterson alleges that officers Armatys and Womack knew, or should have known, that Patterson was not the person who delivered and sold the controlled substance. Even if this statement is true, it is now well settled that any negligent conduct on the part of the defendants does not precipitate a cause of action for Patterson under the Constitution of the United States. The Constitution does not require and error-free investigation. *Baker v. McCollan,* at 145.

Next is Patterson's claim that the officers acted with malice. According to *Rodriguez v. Ritchey,* even if this were true, there is still no cause of action under the Constitution. This is based on a due process "insulation" rule. In *Ritchey* the court held that if the facts supporting the arrest are put before an intermediary such as a magistrate or grand jury the intermediary's decision to issue a warrant or return an indictment insulates the initiating party. There is no doubt that one purpose of Fourth Amendment is to protect citizens from overzealous peace officers and prose-cutors. Much has been said about what the Fourth Amendment guarantees. The Fourth Amendment does not guarantee that all persons will be free from arrest and conviction. In fact, it does not even guarantee that the innocent shall not be found guilty. *Baker v. McCollan,* at 145. The American criminal justice system is not, and has never been, perfect. Sometimes the innocent are found guilty and the guilty are set free. It is unchecked prose-cutorial power, not arrests by mistake, that the Fourth Amendment is designed to protect. Therefore, the Fourth Amendment merely guarantees that there shall be no arrest and conviction without due process of law. When a magistrate reviews proba-ble cause in order to issue an arrest warrant, or when a grand jury reviews proba-ble cause in order to determine whether an indictment should be returned, the case is taken out of the hands of the police officer and prosecutor and put in the hands of unbiased decision makers. It is their unbi-ased review of the evidence for probable cause that prevents prosecutorial zeal. This is due process.

However, the Fifth Circuit took a more realistic view in *Hand v. Gary,* 838 F.2d 1420 (5th Cir.1988). There the court held that the malicious acts of peace officers are not, carte blanch, insulated by magistrate and grand jury review of probable cause. Citing its previous decision in *Wheeler v. Cosden Oil and Chemical Co.,* 734 F.2d 254 (5th Cir.) *modified on reh'g on other grounds,* 744 F.2d 1131 (5th Cir.1984), the court held that state actors other than prosecutors may be liable for damages for bad faith prosecution, if they join in mali-cious prosecution by prosecutors, or if their malice results in an improperly motivated prosecution without probable cause. Sim-ply obtaining a grand jury indictment is not enough to insulate state actors from an action for malicious prosecution under Sec-tion 1983. *Hand v. Gary,* at 1426. This rule takes into account the fact that in some cases the state actor who initiated the investigation is able to exert power over the prosecution of the case. See, *Thomas v. Sams,* 734 F.2d 185 (5th Cir.1984) (mayor maliciously swore out a complaint in his

capacity as mayor, and then issued an arrest warrant in his capacity as magistrate).

 A close reading of Patterson's complaint shows that he has failed to state a claim for malicious prosecution under Section 1983. The facts as alleged by Patterson in no way indicate that officers Armatys and Womack misled the magistrate who issued the arrest warrant, or that they acted with personal animosity, malice, or bad faith in seeking the warrant and indictment. There is nothing in the complaint to indicate that the probable cause deliberations of either the magistrate or the grand jury were tainted by the actions of the officers. There is nothing in the complaint to indicate that the officers suppressed or ignored any exculpatory evidence, such as alibi witnesses. Additionally there is nothing to indicate that the officers supplied false information to the prosecutor. *Sanders v. English*, 950 F.2d 1152, 1163 (5th Cir.1992). On the contrary, the record indicates that the officers were candid with the prosecutor in telling him that they were not able to positively identify Patterson, and that the confidential informant could not be relied upon to make a positive identification as well. Coming forward with real facts, it was the officers who caused the District Attorney to cease prosecution of Patterson. Patterson was arrested pursuant to a valid and properly obtained arrest warrant. Immediately after his arrest he was released on bond, and he was not detained during the investigation of his case pending trial. Even construing the facts in the light most favorable to Patterson, this Court fails to see how he was in any way deprived of liberty without due process of law. Having failed to show the infringement of a constitutionally protected right at the threshold, this Court finds that Patterson has, therefore, failed to state a claim for which relief can be granted under Section 1983.

Patterson attempts to inject malice by alleging in his complaint unsubstantiated claims of conspiracy, ill will and vindictiveness, but Plaintiff wholly fails to state any facts which would indicate a malicious intent or conspiracy on the part of the officers. This motion should be granted for failure to state a claim and a trial should not proceed merely because the Plaintiff alleges a broad conclusion of malice and conspiracy in his complaint.

CONCLUSION

As a matter of Federal law, Patterson has no cause of action. The Fifth Circuit's decisions in *Rodriguez v. Ritchey* and *Hand v. Gary* cause this Court to conclude that the grand jury indictment, which is in no way shown to be tainted, conclusively establish that there is no actionable violation of the Fourth Amendment, and no infringement of rights under the Constitution. Therefore, Patterson has not stated a claim for which this Court can grant relief. It is therefore,

ORDERED, ADJUDGED AND DECREED that this cause be and is hereby DISMISSED pursuant to Fed.Rule Civ.P. 12(b)(6).