881 So.2d 936 (2004)
Mark Dane ROGERS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01814-COA.
Court of Appeals of Mississippi.
September 7, 2004.
*937 Edmund J. Phillips, P. Shawn Harris, attorneys for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. A Scott County jury convicted Mark Dane Rogers of grand larceny. The trial judge sentenced him to five years in the custody of the Mississippi Department of Corrections. Rogers now appeals and asserts that the trial court erred in refusing to grant certain jury instructions, in failing to grant his motion for a directed verdict or new trial, and in failing to quash the indictment due to the State's failure to provide him a preliminary hearing.
¶ 2. We find no merit in these allegations of error; therefore, we affirm the judgment of the trial court.

FACTS
¶ 3. On August 10, 2001, Mark Rogers went to Fisherman's Corner convenience store and purchased a pack of cigarettes. Diane Jennings Palm, a cashier at the store, testified that she rang up the purchase, and as the cash register drawer opened, Rogers reached over the counter and into the drawer. Palm further testified that Rogers took money out of the register and left. Palm stated that she *938 then called the police and notified the store's owner, who instructed her to continue to run the register. Palm further testified that no additional money was taken out of the register other than that which Rogers had taken.
¶ 4. Dorothy Simpson, owner of Fisherman's Corner, testified that she arrived at the store after the robbery, that she counted the money in Palm's register and determined that it was short $280.74. On cross-examination, Simpson admitted that no one counted the register immediately after the theft, and that Palm continued to run the register for three additional hours before the money in the register was counted.
¶ 5. Rogers was arrested two days after the incident. Additional facts will be related during our discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Denial of Jury Instruction
¶ 6. Rogers argues that the trial court erred in refusing to grant a peremptory instruction and an instruction informing the jury that it cannot place any significance on the fact he chose not to testify. We discuss the denial of the peremptory instruction in our discussion of the sufficiency of the evidence issue. The refused instruction regarding the proper treatment by the jury of Rogers's failure to testify is as follows:
The court instructs the jury that the jury must not consider the fact that the Defendant did not testify in this case as evidence against him nor does this fact arouse even a suspicion that he is guilty, but the State must prove him guilty beyond every reasonable doubt; if the State has not done this, then the jury must find the Defendant "Not Guilty."
Rogers also contends that the Fifth Amendment to the U.S. Constitution requires a trial judge to instruct the jury, if requested by a criminal defendant, that the jury may not draw an adverse inference from a defendant's failure to testify.
¶ 7. The State maintains that, since the jury was given an instruction identical to the one which Rogers requested, no error occurred as a result of the court's refusal to grant the instruction requested by Rogers. In support of its argument, the State directs our attention to Watson v. State, 521 So.2d 1290 (Miss.1988).
¶ 8. In Watson, the defendant alleged error in the court's failure to grant an instruction similar to the one which was refused in this case. The Mississippi Supreme Court held that although the defendant was entitled to the instruction, another instruction given by the court substantially covered the subject matter which was addressed by the refused instruction.
¶ 9. Here, the trial judge gave an instruction during voir dire that was similar to the one approved in Watson. The judge instructed potential jurors that:
Mark Dane Rogers is presumed to be innocent. It is sort of like a coat or garment that he is clothed with. He is legally clothed with that presumption of innocence. And that presumption stays with him throughout the course of the trial until and unless the State of Mississippi overcomes that presumption of innocence there. Another constitutional aspect is that the defendant is not required to take the stand and testify. This is a very cherished legal right that is embedded in our constitutional form of government. The defendant would not take the stand because it possibly might incriminate himself  he might incriminate himself. And if he does not take the stand  he may. Trial strategy *939 may call for that. But, if he does not, it is no inference of his guilt. And the  you as jurors would be instructed that would be no inference of guilt.
¶ 10. We find that the forgoing instruction was sufficient and substantially covered the matter addressed by Rogers's instruction. Therefore, this issue lacks merit.

(2) Motion for Directed Verdict or Peremptory Instruction and for a New Trial
¶ 11. Rogers next contends that the trial court erred in failing to grant his motion for a directed verdict, peremptory instruction, and motion for a new trial. He maintains that the State's failure to prove beyond a reasonable doubt that the amount of money stolen was $250 or more limited the jury to finding him either innocent or guilty of nothing more than petit larceny.[1]
¶ 12. The standard of review for a denial of a directed verdict and peremptory instruction are identical. Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003) citing Coleman v. State, 697 So.2d 777, 787 (Miss.1997). A motion for a directed verdict and request for a peremptory instruction challenge the legal sufficiency of the evidence. Id. citing McClain v. State, 625 So.2d 774, 778 (Miss.1993). "On the issue of legal sufficiency, reversal can only occur when evidence of one or more of the elements of the charged offense is such that `reasonable and fair-minded jurors could only find the accused not guilty.'" Id. citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 13. We find that the State offered ample evidence in support of Rogers's conviction. The cashier, Palm, testified that she observed Rogers take money from the cash register. Further, the store's owner testified that after the robbery, her accounting showed that the register was short by $280.74. The owner also testified to the procedure used for balancing the cash register. She stated that at the end of each shift, the cashiers put the money into a safe along with a cash register tape that reflects the total sales for that shift, and if the money in the safe matched the amount on the register tape, the register was balanced. Therefore, accepting the evidence in the light most favorable to the State, the jury was justified in finding Rogers guilty of grand larceny.
¶ 14. We next address Rogers's contention that he should have been granted a new trial.
In reviewing the decision of the trial court on a motion for a new trial, [an appellate court] views all of the evidence in the light most consistent with the jury verdict. A motion for a new trial addresses the weight of the evidence and should only be granted to prevent an unconscionable injustice. Accordingly, we reverse and remand for a new trial only upon reaching the conclusion that the trial court has abused its discretion in failing to grant a new trial.
Daniels v. State, 742 So.2d 1140, 1143(¶ 11) (Miss.1999).
¶ 15. The facts and the permissible inferences which may be drawn from those facts strongly point toward Roger's guilt. We have reviewed the evidence presented by the State in support of Roger's conviction, and we are not convinced that the jury's verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Consequently, we find *940 that the trial judge did not abuse his discretion in denying Roger's motion for a new trial.

(3) Indictment
¶ 16. Rogers last argument is that the court erred in failing to quash the indictment due to the State's failure to provide him a preliminary hearing. He submits that he was arrested on August 11, 2001, but was not indicted until October 3, 2001. Rogers further asserts that he was incarcerated throughout this time but was not provided a preliminary hearing even though he requested one.
¶ 17. The State counters that once Rogers was indicted, this issue became moot. We agree. "Once the indictment occurs, even [if] a preliminary hearing [has] not been provided, that question becomes moot." Hogan v. State, 730 So.2d 100, 101(¶ 3) (Miss.Ct.App.1998). Since "[t]he purpose of a preliminary hearing is to [determine] whether there is probable cause to believe that the defendant has committed an offense, [t]he indictment by a grand jury removes the purpose of the hearing and none need thereafter be conducted." Id. (citing Mayfield v. State, 612 So.2d 1120, 1129 (Miss.1992)).
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.
NOTES
[1] At the time the charges were brought against Rogers, in order to be convicted of grand larceny the value of the item taken had to be $250 or greater. The larceny statute has since been amended to require a value of $500 or greater. The amendment had not occurred when Rogers was tried and convicted.