BARNES, J„
for the Court:
¶ 1. Norma Springfield filed a complaint in the Monroe County Circuit Court for malicious prosecution against her former employer, Members 1st Community Federal Credit Union’s (Members 1st) and others, after embezzlement charges were brought against her and later dismissed. The trial court granted the defendants’ second motion to dismiss, finding that Norma failed to establish “want of probable cause.” Norma now appeals. Finding error with the trial court’s dismissal, we reverse and remand for proceedings consistent with this opinion.
STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
¶ 2. In May 2009, Norma sued Members 1st, Pollan & Associates, Chris Pollan, and Mitchell Springfield for malicious prosecution. The complaint alleged that in approximately November 2005, Chris Pollan (Pollan), an agent of Members 1st, “armed with certain false information attempted to secure an indictment against [Norma].” When these efforts failed, in January 2006 Pollan:
reappeared before the Grand Jury of Lowndes County ... and repeated his efforts to have the former employee [Norma] indicted but this time ... Pol-lan included an affidavit signed by Defendant Mitchell Springfield, the former husband of [Norma], alleging criminal conduct by [Norma] to have occurred during the marriage of the parties with regard to marital property and marital liabilities.
The complaint stated Norma was later “arrested, booked, and processed” for embezzlement, but in May 2008, the trial court entered an order of nolle prosequi on the charge.
¶ 3. In November 2009, Pollan & Associates and Pollan filed a motion to dismiss under Mississippi Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, claiming that Norma could not, as a matter of law, satisfy the element of “want of probable cause” under her malicious prosecution claim because Norma had been indicted for embezzlement, and indictments are based on probable cause. Members 1st joined this motion to dismiss. The trial court granted the motion to dismiss as to Members 1st and Pollan & Associates.[1] Norma appealed.
¶ 4. At the end of the hearing on the motions to dismiss, the trial court noted that there was one remaining defendant in the action, Mitchell. A docket entry in October 2009 reflected that Mitchell was served with process; however, the record did not indicate any final adjudication as to him. Nor was there any Mississippi Rule *829 of Civil Procedure 54(b) certification on either of the January 2010 orders granting dismissal to the other defendants. Therefore, we issued an order asking the parties to brief whether this Court has jurisdiction, as the circuit court action appeared to be still pending against Mitchell Springfield. Norma responded by providing this Court with an order signed September 5, 2011, by the trial judge granting a motion for voluntary dismissal of Mitchell Springfield, thereby closing the case. Norma argues the jurisdictional issue is now moot. In its supplemental brief, Members 1st also argues for this Court to maintain jurisdiction. We find appellate jurisdiction is now proper.
STANDARD OF REVIEW
¶ 5. An appellate court “applies a de novo standard of review when examining a trial court’s grant or denial of a motion to dismiss.” Saul ex rel. Heirs of Cook v. S. Cent. Reg'l Med. Ctr., Inc., 25 So.3d 1037, 1039 (¶ 6) (Miss.2010) (citing Burleson v. Lathem, 968 So.2d 930, 932 (¶ 7) (Miss.2007)). “When considering a motion to dismiss, the allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Id. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Rose v. Tullos, 994 So.2d 734, 737 (¶ 11) (Miss.2008) (citing Cook v. Brown, 909 So.2d 1075, 1077-78 (¶ 8) (Miss.2005)).
ANALYSIS OF THE ISSUE
¶ 6. Norma raises one issue: whether the trial court improperly granted Pollan & Associates and Members lst’s second motion to dismiss. Norma’s argument is two-fold: (1) the trial court improperly converted the motion to dismiss into a motion for summary judgment, and (2) the trial court improperly ruled that she could not meet her burden of proof on the “want of probable cause” element of her malicious prosecution claim. We find Norma’s second contention has merit and is disposi-tive; therefore, we decline to discuss her first contention.

1. Malicious Prosecution “Want of Probable Cause” Element

¶ 7. In order to establish a claim of malicious prosecution, the plaintiff must prove, by a preponderance of the evidence:
(1) The institution [or continuation] of a criminal proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceedings in plaintiffs favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; (6) the suffering of injury or damage as a result of the prosecution.
Condere Corp. v. Moon, 880 So.2d 1038, 1042 (¶ 13) (Miss.2004).
¶ 8. The legal issue raised on appeal is whether the return of an indictment by the grand jury means Norma cannot, as a matter of law, prove the element of “want of probable cause.” Norma contends that the trial court equated the “want of probable cause” element in a malicious prosecution claim with the probable cause needed to return an indictment in a criminal case, thereby improperly dismissing her claim. We agree and find the trial court’s ruling was error.
¶9. Regarding the element of “want of probable cause,” a court must look “to the facts reasonably available to each [defendant at the time” the malicious prosecution was initiated. Strong v. Nicholson, 580 So.2d 1288, 1294 (Miss.1991) (citing Benjamin v. Hooper Elec. Supply Co., 568 So.2d 1182, 1190 (Miss.1990); Royal Oil Co. v. Wells, 500 So.2d 439, 443 *830 (Miss.1986); Owens v. Kroger Co., 480 So.2d 848, 846 (Miss.1983)). “Probable cause requires the concurrence of (1) a subjective element — an honest belief in the guilt of the person accused, and (2) an objective element — reasonable grounds for such belief[s].” Id. (citing Benjamin, 568 So.2d at 1190; Royal Oil, 500 So.2d at 443; Harvill v. Tabor, 240 Miss. 750, 755, 128 So.2d 863, 865 (1961)). “One is as essential as the other.” Harvill, 240 Miss, at 755, 128 So.2d at 865. “The question in the end is not whether the defendant thought he had probable cause, but whether the fact-finder thinks he did.” Strong, 580 So.2d at 1294.
¶ 10. Members 1st claims that under Mississippi law, the existence of an indictment establishes probable cause as a matter of law, citing Rogers v. State, 881 So.2d 936 (Miss.Ct.App.2004), a criminal case that had nothing to do with the tort of malicious prosecution. In Rogers, probable cause was discussed in relation to the criminal defendant’s argument that he was improperly denied a preliminary hearing. Id. at 940 (¶ 16). We cannot agree with Members 1st or the trial court that “probable cause” found in the grant of preliminary hearings or the return of indictments conclusively establishes probable cause preventing a subsequent action for malicious prosecution.
¶ 11. While there are no Mississippi state cases exactly on point regarding the impact of an indictment on the “want of probable cause” element of malicious prosecution, legal encyclopedias on the issue explain that the impact has been considered in one of two ways. The American Law Reports encyclopedia states some courts have recognized that an indictment by a grand jury against the plaintiff is “evidence tending to show that the defendant had probable cause for his alleged part in the prosecution” but does not constitute prima facie evidence. 28 A.L.R.3d 748, 753 (1969) (emphasis added). However, the majority of courts take the view that an indictment is prima facie evidence “that the defendant had probable cause for his alleged part in the prosecution, but that such evidence is not conclusive on the issue.”[2] Id. Prima facie evidence may be contradicted by other evidence. Id. at n. 5. Thus, when a complaint for malicious prosecution shows on its face that a grand jury indicted the plaintiff, the plaintiff must “plead facts showing fraud or other improprieties in his prosecution to overcome this prima facie probable cause.... ” Id. at 754.
¶ 12. Similarly, Corpus Juris Secundum acknowledges that “[wjhile there is some authority to the contrary,” generally, the return of an indictment by a grand jury is “prima facie, but not conclusive, evidence of probable cause” in malicious prosecution cases. 54 C.J.S. Malicious Prosecution § 48 (2010) (emphasis added). It further explains:
Once an indictment has been returned by a grand jury, the plaintiff in a malicious prosecution action has the burden of producing evidence to establish lack of probable cause. The plaintiff must produce evidence that the return of the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise significantly irregular. The plaintiff may show that the indictment was obtained by failing to make a full and complete statement of facts to the grand jury or district attorney, by the withholding of information by the prosecutor which might have affected the result, or by showing that the indict *831 ment was produced by the misconduct of the party seeking indictment.

Id.

¶ 13. Moreover, the American Jurisprudence encyclopedia states that an indictment is prima facie evidence of probable cause, but it is not conclusive evidence, and may be overcome by proof that there was no probable cause for the prosecution. 52 Am.Jur.2d § 64 (2000). Some courts have also held that the return of an indictment raises a rebuttable presumption that probable cause exists, and this presumption may only be rebutted "with substantial evidence that the grand jury proceedings were in some way irregular. Id.
¶ 14. The Second Restatement on the Law of Torts takes the position that “[t]he indictment of the accused by a grand jury is evidence that the person who initiated the proceedings had probable cause for initiating them.” Restatement (Second) of Torts § 664(2) (1977) (emphasis added). Importantly, however, the comment notes, “[ajlthough the indictment is evidence of probable cause, it may be explained by evidence of the same general nature” as evidence relating to the discharge of the accused as conclusive of the lack of probable cause.[3] Id. at § 664 cmt. b. “If so explained, the evidence of the indictment is refuted.” Id.
¶ 15. The closest case on point in Mississippi is Royal Oil. There, the supreme court affirmed a verdict for the plaintiff on her malicious prosecution claim arising out of embezzlement charges, where the grand jury ultimately failed to return an indictment. Royal Oil, 500 So.2d at 440. The appellants’ argument in Royal Oil is similar to the trial court’s rationale here for dismissal of Norma’s malicious prosecution claim: because the justice court judge “found probable cause to bind the matter over to the Grand Jury, probable cause [was] necessarily present and thus a claim of malicious prosecution must fail.” Id. at 443. The supreme court rejected this argument:
When a conviction is obtained in a lower court prosecution, whether reversed or not, a prima facie case is made that probable cause is present, in the absence of fraud, perjury or other corrupt practices. That prima facie case, of course, is subject to rebuttal by plaintiff’s evidence. In the factual context we consider here, Appellants appeared before the trial court armed with no such prima facie case, as a result of which the question of probable cause or the want thereof naturally became a jury question, with respect to which plaintiff bore the burden of proof by a preponderance of the evidence.
Id. (citations omitted). Thus, Royal Oil held that when a conviction is obtained, a prima facie case is established that probable cause is present unless there was some corrupt practice involved in the conviction; however, the prima facie case is subject to rebuttal by the plaintiff.[4] Since the appel *832 lants could show no conviction, they made out no prima facie case, and the matter of probable cause was a question for the jury. M[5]
¶ 16. Members 1st cites two federal district court cases in support of its argument that the existence of an indictment in a malicious prosecution claim establishes conclusive evidence of probable cause: Porter v. Farris, No. 1:06CV293-SA-JAD, 2008 WL 3842905 (N.D.Miss. August 13, 2008) and Sullivan v. Boyd Tunica, Inc., No. 2:06CV016-B-A, 2007 WL 541619 (N.D.Miss. February 16, 2007).
¶ 17. In Porter, the district court granted summary judgment in favor of the defendants regarding a malicious prosecution and Section 1983 claim against James Farris. Porter at *1, *5. The complaint alleged that the indictment for false pretenses and embezzlement, which was ultimately dismissed, was not based upon probable cause, thereby violating the plaintiffs Fourth Amendment rights and amounting to malicious prosecution. Id. at *1. Regarding the “want of probable cause” element of malicious prosecution, the district court stated:
Under Mississippi law, the existence of an indictment establishes probable cause as a matter of law. See Rogers v. State, 881 So.2d 936, 940 (Miss.Ct.App. 2004). Having established that [the defendant’s] indictment served to conclusively establish the existence of probable cause in the prior proceeding [Porter 1[6] ], Plaintiff has failed, as a matter of law, to establish the requisite elements for a malicious prosecution claim.
Id. at *5 (emphasis added). As stated earlier, Rogers did not deal with the probable cause element of malicious prosecution, but rather the grant of a preliminary hearing in a criminal case. Further, Porter does not explain how an indictment- can be *833 conclusive proof on the issue of probable cause in the context of malicious prosecution when the Mississippi Supreme Court has determined that a conviction is not conclusive but only prima facie evidence. See Royal Oil 500 So.2d at 448.
¶ 18. In Sullivan, the district court found the malicious prosecution claim failed because “if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary’s decision breaks the chain of causation.” Sullivan, 2007 WL 541619, at *4 (quoting Taylor v. Gregg, 36 F.3d 458, 456 (5th Cir.1994) (overruled on other grounds)).[7] The district court relied on the Fifth Circuit Court of Appeals’ false arrest analysis in Taylor for authority. The district court in Sullivan declined to distinguish between false arrest and malicious prosecution claims, however, and held that even though:
the Taylor court was addressing a claim for false arrest ... this court finds the case [is] equally applicable in a malicious prosecution context because the central issue addressed is the issue of probable cause. The absence of probable cause is an essential element of both causes of action. ‘Where probable cause exists for an arrest, a suit for false arrest and malicious prosecution will not lie.... ’ Keen v. Simpson County, 904 So.2d 1157, 1161 (¶ 21) (Miss.Ct.App.2004).
Id. at *4. We respectfully disagree.
¶ 19. First, the citation to Keen is entirely true as stated. If an arresting officer has probable cause, he cannot be liable for either false arrest or malicious prosecution. Keen, 904 So.2d at 1161 (¶21). However, Keen does not hold that an indictment conclusively establishes probable cause or breaks the chain of causation for proximate cause.
¶ 20. Second, the Fifth Circuit Court of Appeals has rejected the very analogy made by the district court in Sullivan. In Taylor, both false arrest and malicious prosecution claims were brought against the City of Lubbock, Texas, and the arresting officer under the Texas Tort Claims Act. Taylor, 36 F.3d at 454-55. The plaintiffs, Taylor and Dixon, were brought before a federal magistrate judge and later indicted by a grand jury for interfering with a flight crew, stemming from incident where they became rowdy during a return flight after a Dallas Cowboys game. Id. Taylor and Dixon later entered into a pre-trial diversion agreement (an alternative to prosecution), and subsequently filed suit against the defendants claiming a violation of their constitutional rights. Id. at 455. The district court granted summary judgment in favor of the defendants. Id. Taylor held that, regarding the malicious prosecution claim, entering a pretrial diversion agreement did not terminate the criminal action in favor of the defendants. Id. at 456. Regarding the claim for false arrest, as stated earlier, the Fifth Circuit held that the chain of causation was broken by the defendant’s appearance before an independent intermediary, the magistrate and grand jury. Id. In support of this holding, Taylor cited to Wheeler v. Cosden Oil & Chemical Co., 744 F.2d 1131 (5th Cir.1984), which expressly determined that the independent-intermediary doctrine applied to false arrest but not malicious prosecution claims.[8] Taylor, 36 F.3d at 456; Wheeler, 744 F.2d at 1132.
*834 ¶ 21. Third, the extension of the independent-intermediary doctrine to malicious prosecution claims would undermine the holding in Royal Oil, because if an indictment could break the chain of causation and nullify the claim, the Mississippi Supreme Court would have had no reason to discuss that a conviction only made out a prima facie case for the presence of probable cause in such a claim. See Royal Oil, 500 So.2d at 443.
¶ 22. In her brief, Norma also argues that the trial court judge improperly converted his ruling on the second motion to dismiss under Rule 12(b)(6) into one for summary judgment. To the extent the trial court may have relied on any facts other than the indictment,[9] we agree. We find the dissent makes a similar error in its claim that “no facts were disputed” in the element of “want of probable cause.” In support of its analysis, the dissent cites facts which were discussed by Norma’s counsel at the hearing on the second motion to dismiss in relation to the indictment’s charges, thereby improperly analyzing the motion as one for summary judgment under Mississippi Rule of Civil Procedure 56, not dismissal under Rule 12(b)(6), which was the basis of the motion. Norma’s counsel acknowledged at the hearing that discovery still needed to be conducted, after which the defendants could file a motion for summary judgment if appropriate. Counsel for Members 1st also acknowledged that the facts Norma’s counsel discussed (the same facts the dissent mentions), were not yet in the record.[10] A Rule 12(b)(6) motion is based on failure of the pleadings to state a claim upon which relief can be granted. M.R.C.P. 12(b)(6). While Rule 12(b) provides that a motion to dismiss can be treated as one for summary judgment if “matters outside of the pleadings are presented” and not excluded by the court, and “all parties are given reasonable opportunity to present all material made pertinent” under Rule 56, that is not the case here. There were no affidavits filed in the case, and no depositions had been taken. Norma was not given proper notice by the trial court that the motion was being converted into a Rule 56 motion.[11] Therefore, the motion could not be converted into one for summary judgment at the hearing, and the case dismissed, as the dissent suggests, because “no facts were disputed.”
¶ 28. Taking all of the allegations of the complaint as true, we find that Norma’s complaint is legally sufficient. Under Royal Oil, Members 1st will not ever be “armed with [a] prima facie case” of probable cause. See Royal Oil, 500 So.2d at 443. The trial court’s dismissal of the case was error.

2. Untimely brief

¶ 24. Members 1st argues that Norma’s brief was untimely served upon them and therefore her appeal must be dismissed. After the grant of two exten *835 sions of time, Norma’s appellate brief was due October 1, 2010. The record shows Norma’s brief was timely filed with this Court on October 1, 2010. However, Norma admits in her reply brief that she did not send her brief to Members 1st until the next business day of October 4, 2010.
¶ 25. Rule 25(b) of the Mississippi Rule of Appellate Procedure states that “[c]opies of all papers filed by any party and not required by these rules to be served by the clerk shall, at or before the time of filing, be served by a party or person acting for that party on all other parties to the appeal.” Appellate Rule 25(c) provides that “[s]ervice by mail is complete on mailing.” Appellate Rule 31(d) provides the consequences for failing to file a brief only, but this rule would also provide for the failure to serve a copy of the brief on another party, since both are required under Rule 25. Rule 31(d) provides that if the appellant fails to timely file his brief, “the appeal may be dismissed on motion of appellee or on the [appropriate appellate court]’s own motion as provided in Rule 2.” Mississippi Rule of Appellate Procedure 2(a)(2) provides for discretionary dismissal of an appeal. Either the appropriate appellate court or the opposing party may move for dismissal if a party fails to comply with the rules. Id. The clerk must then give notice to the defaulting party as to the nature of the deficiency, and that party has fourteen days to correct the deficiency; otherwise, the appeal will be dismissed by the clerk. Id,
¶ 26. Upon examining the case file, we find no motion to dismiss the appeal by Members 1st due to the untimely service of Norma’s brief. Instead, Norma corrected the deficiency by sending the brief to Members 1st on October 4, 2010, by UPS overnight service, as she stated in her reply brief. This Court could award “other sanctions” under Rule 2(b) for failure to provide timely service, but we decline to do so in this case where the deficiency was promptly remedied and Members 1st has alleged no prejudice as a result of the deficiency. Accordingly, this issue is without merit.
CONCLUSION
¶ 27. The complaint’s allegations sufficiently state a claim for malicious prosecution upon which relief can be granted; thus, the trial court erred in granting the defendants’ motion for dismissal under Rule 12(b)(6). We therefore reverse and remand for further proceedings consistent with this opinion.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, RUSSELL AND FAIR, JJ„ CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.

. Pollan & Associates and Pollan had previously filed a motion based on untimely service of process and expiration of the statute of limitations for malicious prosecution. The trial court granted this first motion to dismiss as to Pollan & Associates as well. Norma conceded Pollan was improperly served and thus voluntarily dismissed her claim against him, leaving one remaining defendant to the action: Mitchell Springfield.

. We note that this section of the American Law Reports does not cite any Mississippi cases for either the minority or majority position.

. The comment further provides:
When [the accuser] produces evidence to sustain this burden [that he had probable cause], the discharge by the magistrate becomes completely immaterial on this issue and is no longer a matter that the court should take into account in determining the existence or nonexistence of probable cause. This is true since it is the function of the court to determine whether the accuser had probable cause for initiating the proceedings, and not merely to determine whether the magistrate erred in dismissing the charge.
Id. at § 663 cmt. c.

. This conclusion was the culmination of different views Mississippi courts have taken of the effect of a conviction on the "want of probable cause” element of malicious prosecution. Brooks v. Super Service, Inc., 183 Miss. 833, 833, 185 So. 202, 202 (1938) ex *832 plained that historically there were three lines of cases dealing with the effect of a conviction on probable cause: (1) it was considered conclusive evidence of probable cause; (2) it was considered conclusive evidence unless obtained by fraud, perjury, or other corrupt means; or (3) it was only prima facie evidence and may be rebutted. Brooks “unhesitatingly decline[d] to follow” the first line of cases, and aligned itself with the second line of cases. Subsequent cases have followed the third line. See Gaylord v. Sicard, 384 So.2d 1042, 1044 (Miss.1980) (overruled on other grounds) ("[C]onviction in a lower criminal court, although reversed by an appellate court, [was] prima facie evidence that the prosecuting party had probable cause to proceed with the prosecution, which may be overcome by the defendant’s (plaintiff in the civil proceeding) proof.”); J.C. Penney Co. v. Blush, 356 So.2d 590, 592 (Miss.1978) (overruled on other grounds) (Evidence of conviction was prima facie evidence probable cause existed.); Hyde Constr. Co., Inc. v. Koehring Co., 387 F.Supp. 702, 713 (S.D.Miss.1974) (overruled by Dunn v. Koehring Co., 546 F.2d 1193 (5th Cir.1977)) ("In Mississippi, it [was] also clear that a judgment of conviction at the original prosecution, whether reversed or not, [was] prima facie if not conclusive evidence of probable cause, at least in the absence of fraud, perjury or other corrupt practices.”). But see Pugh v. Easterling, 367 So.2d 935, 938 (Miss.1979) ("We hold that a conviction is conclusive evidence of probable cause for instituting a criminal prosecution, and a plaintiff, in a suit for malicious prosecution based on a criminal prosecution, must show that the criminal proceeding terminated in his favor as a condition precedent to recovery.”).

. We note that in Royal Oil, the plaintiff's evidence may rebut the prima facie case and not just present evidence of corrupt practices as indicated by American Law Reports and Corpus Juris Secundum.

. In Porter v. Lowndes Co., Miss., 406 F.Supp.2d 708, 712-13 (N.D.Miss.2005) (Porter I), the district court granted the defendants’ motion for summary judgment as to Porter’s Section 1983 claim against Lowndes County and the sheriff’s department, because, after reviewing the evidence, it found the grand jury had probable cause to indict Porter.

. The district court granted the defendants' motion for summary judgment for a malicious prosecution claim. Sullivan, 2007 WL 541619, at * 5-6. James Sullivan was indicted and arrested for criminal activity, but a jury acquitted him. Id. at *2.

. Taylor did not cite the independent-intermediary doctrine as a secondary reason to deny *834 the malicious prosecution claim, but held that this doctrine applied to false arrest. Taylor, 36 F.3d at 456-57.

.We note that at the hearing the circuit court specifically cited only the indictment in granting the motion to dismiss. Regarding the element of lack of probable cause, the Court found "that probable cause did exist and especially in light of the indictment in Lowndes County, along with criminal charges."

. Members 1st argued that it was entitled to dismissal as a matter of law because of “a complete lack of probable cause as evidenced by the grand jury's indictment.”

. Before a court converts a motion to dismiss to a motion for summary judgment, the nonmoving party must be granted ten-days' notice. Sullivan v. Tullos, 19 So.3d 1271, 1274-76 (¶¶ 14-19) (Miss.2009).