# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CA-00216-SCT

*CHARLES H. MOTON*

*v.*

*CITY OF CLARKSDALE, MISSISSIPPI, HON.*
*ROBERT M. TYNER AS THE EXECUTOR OF*
*THE ESTATE OF WILLIAM O. LUCKETT, JR.,*
*DECEASED, AND CAPTAIN MARK HAYNES,*
*INDIVIDUALLY AND IN HIS OFFICIAL*
*CAPACITY AS SERGEANT-AT-ARMS*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2022 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| TRIAL COURT ATTORNEYS: | ELLIS TURNAGE |
| | WILTON V. BYARS, III |
| | LAUREN ELIZABETH WARD |
| | ROBERT MICHAEL TYNER, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELLIS TURNAGE |
| ATTORNEYS FOR APPELLEES: | WILTON V. BYARS, III |
| | LAUREN ELIZABETH WARD |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 07/06/2023 |
| MOTION FOR REHEARING FILED: | 04/20/2023 |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied.  The original opinion is withdrawn, and this opinion is substituted.

¶2.     Former City of Clarksdale Commissioner Charles Moton alleged that his December

2013 and May 2015 arrests at Clarksdale city commissioners meetings were in violation of a litany of his state constitutional rights. The trial court dismissed Moton's claims because he failed to file suit within the statute of limitations. For the following reasons, we affirm the judgment of the trial court.

**FACTS**

¶3. At the time of his arrests, Charles Moton was serving as the Ward 3 commissioner of the City of Clarksdale. At the December 23, 2013, bimonthly meeting of the Clarksdale Board of Commissioners, then-Mayor Bill Luckett, Jr., presented copies of board meeting decorum and rules of order along with a letter addressed to the board. The mayor then allowed each commissioner to "say what they wanted to say." However, after two minutes and fifteen seconds of comment from Moton, the mayor ordered Moton to be removed from the meeting pursuant to Section 11A of the board's decorum policy. By command of the mayor, Clarksdale Police Captain Mark Haynes, serving as sergeant-at-arms, escorted Moton from the meeting and arrested him for disorderly conduct and failure to comply with the request of a law enforcement officer pursuant to Mississippi Code Section 97-35-7(1) (Rev. 2020).

¶4. On May 22, 2014, the Clarksdale Municipal Court, in a bench trial, tried and convicted Moton. He then appealed to the Coahoma County County Court. Moton filed a timely notice of appeal to the Coahoma County Circuit Court on October 6, 2016. Later, on May 26, 2015, Moton was removed from a second board meeting by Captain Haynes at the direction of Mayor Luckett, arrested, and charged with disturbing the peace, public

2

drunkenness, and resisting arrest.[1]

¶5.    On September 18, 2015, Moton was found guilty of disorderly conduct for failure to comply with Section 97-35-7(1) stemming from the second arrest, he was sentenced to six months' probation, and he was ordered to pay court costs in the amount of $206.75 in Clarksdale Municipal Court. Moton appealed once more to the Coahoma County County Court. In the county court, the case stemming from the first arrest lay dormant until May 8, 2019, when charges were dismissed for failure to prosecute pursuant to Mississippi Rule of Civil Procedure 41. Charges stemming from the second arrest were likewise dismissed for failure to prosecute.

¶6.    On June 11, 2021, Moton filed the underlying complaint in the matter *sub judice*, alleging that both arrests violated his rights under the Mississippi Constitution. Namely, Moton alleged violations of his right to free speech, due process, and equal protection, and he argued that Defendants were liable for malicious prosecution, civil conspiracy, and intentional and negligent infliction of emotional distress. He sought an award of compensatory and punitive damages. Defendants responded by filing a motion to dismiss for failure to state a claim pursuant to Mississippi Rule of Civil Procedure 12(b)(6), arguing that Moton's claims fell under the Mississippi Tort Claims Act and its imposition of a one year statute of limitations and presuit notice requirement.

¶7.    After briefing from both parties, the trial court held a hearing on the motion on

---

[1]For the first time on appeal, Moton raises the issue of when his constitutional causes of action accrued. Because he failed to raise them before the trial court, they are waived. ***Kuiper v. Tarnabine***, 20 So. 3d 658, 661 (¶ 11) (Miss. 2009).

January 19, 2022, and later granted Defendants motion to dismiss, finding that the statute of limitations barred each of Moton's claims. Aggrieved, Moton now appeals.

**STANDARD OF REVIEW**

¶8.     An appellate court reviews de novo the grant or denial of a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Webb v. DeSoto Cnty.*, 843 So. 2d 682, 684 (¶ 6) (Miss. 2003). The same standard applies to issues concerning the statute of limitations, including the one found in the Mississippi Tort Claims Act. Mississippi's appellate courts likewise review de novo questions of law, including the proper application of the Mississippi Tort Claims Act. *Miss. Dep't of Hum. Servs. v. S.C.*, 119 So. 3d 1011, 1013 (¶ 6) (Miss. 2013).

¶9.     A motion brought under Rule 12(b)(6) is decided on the face of the pleadings. *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1211 (¶ 15) (Miss. 2001). "The allegations in the complaint must be accepted as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Jordan River Ests., LLC v. Favre*, 212 So. 3d 800, 802 (¶ 4) (Miss. 2015) (citing *Rose v. Tullos*, 994 So. 2d 734, 737 (¶ 24) (Miss. 2008)).

**DISCUSSION**

> **I.     Whether the trial court properly dismissed Moton's common law tort claims pursuant to the Mississippi Tort Claims Act, Mississippi Code Section 11-46-1.**

¶10.     Charles Moton raised numerous common law tort claims against the Defendants. Namely, he alleged causes of action for gross negligence, intentional infliction of emotional

4

distress, negligent infliction of emotional distress, and civil conspiracy, seeking monetary damages. The Mississippi Tort Claims Act provides the exclusive civil remedy against a governmental entity for lawsuits seeking money damages arising out of tortious actions. Miss. Code Ann. § 11-46-1 to -7 (Rev. 2019); *Keen v. Simpson Cnty.* 904 So. 2d 1157, 1161 (¶ 22) (Miss. Ct. App. 2004), *overruled on other grounds by Univ. of Miss. Med. Ctr. v. Oliver*, 904 So.2d 1157 (Miss. 2017); *Garretson v. Miss. Dep't of Transp.*, 156 So. 3d 241, 247 (¶ 20) (Miss. Ct. App. 2014) ("We find Section 11-46-7 unambiguous—any claim for monetary damages arising out of the State's tortious acts must be brought under the Tort Claims Act.").

¶11. Moton's complaint clearly and unambiguously outlines allegedly tortious acts committed against him by the Defendants specifically requests monetary damages in an amount not less than $750,000. Given the nature of the claims raised by Moton and his specific request for monetary damages, it is clear the Tort Claims Act is invoked as the relevant governing statute of Moton's claims.

¶12. The Mississippi Tort Claims Act sets out a one year statute of limitations for all actions brought subject to its provisions. Miss. Code Ann. § 11-46-11(3)(a) (Rev. 2019). Provided that procedural requirements are met, an additional 185 day period may be tolled, however. Filing and service of a notice of claim under the act "will toll the statute of limitations for ninety-five (95) days from the date the . . . statutorily designated official of a political subdivision receives notice of claim." *Id.* A plaintiff must allow for ninety-five days to pass after notice is given before he may file a suit, except when the governmental

entity responds with a notice of denial of claim. *Id.* When all statutory requirements are met, a plaintiff has one year and 185 days to file suit, at most.

¶13. In the matter *sub judice*, it is undisputed that Moton failed to provide any such Notice of Claim to Defendants. Accordingly, the one year statute of limitations could not be tolled beyond one year from the date the allegedly tortious acts were committed upon him, the dates of his arrests on December 23, 2013, and May 26, 2015.

¶14. Although Moton argues that his filing of the suit tolled the statute of limitations for his claim, the Mississippi Supreme Court has held that the filing of a complaint does not toll the statute of limitations when the time providing for presuit notice and for filing suit had already run at the time the suit was filed. ***Tallahatchie Gen. Hosp. v. Howe***, 154 So. 3d 29, 32 (¶ 13) (Miss. 2015) (Tort Claims Act statute of limitations tolled by filing complaint within one year period). Counsel for Moton stated as such in the motion hearing by stating, "there is no question about it and pretty much I have conceded and withdrawn the one year claim based on the Mississippi Tort Claims Act that it was not filed within the one year period for that first arrest."

¶15. We hold that Moton's common law tort claims were filed outside one year statute of limitations and that he did not comply with the procedural requirements of the Mississippi Tort Claims Act. Accordingly, we affirm the trial court's dismissal of his common law tort claims.

> **II.    Whether the trial court properly dismissed Moton's constitutional law claims for failure to file within the statute of limitations.**

¶16. Moton's claims alleging a violation of his right to free speech, deprivation of

substantive due process, and a violation of his right to equal protection under the law do not fall within the ambit of the Mississippi Tort Claims Act. "The trial court did not err in denying the city's motion for summary judgment, for its immunity against tort claims does not encompass claims of constitutional violations." *City of Jackson v. Jordan*, 202 So. 3d 199, 205 (¶ 18) (Miss. 2016). Rather, Moton raises his speech and equal protection claims under the Mississippi Constitution.

¶17. Given that there exists no statute of limitations specific to constitutional claims, the claims must fall within Mississippi's general statute of limitations, Mississippi Code Section 15-1-49(1) (Rev. 2019), which provides, "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Moton challenges his arrests in 2013 and 2015 on constitutional grounds. "[A] cause of action 'accrues' when it comes into existence as an enforceable claim[.]" *Bullard v. Guardian Life Ins. Co. of Am.*, 941 So. 2d 812, 815 (¶ 11) (Miss. 2006) (quoting *Forman v. Miss. Publishers Corp.*, 195 Miss. 90, 14 So. 2d 344, 346 (1943)). Moton did not, however, bring his complaint until 2021, outside the three year statute of limitations and beyond the date of accrual pursuant to *Bullard*.

¶18. Accordingly, we affirm the trial court's judgment.

### III. Whether Moton's claim for malicious prosecution was properly dismissed.

¶19. Moton also raised a claim of malicious prosecution. Assuming all of the elements in Moton's complaint are true and that Haynes acted with actual malice, it would be inappropriate to analyze such a claim under the Mississippi Tort Claims Act.

7

¶20.   Malice is an essential element of malicious prosecution. ***Strong v. Nicholson***, 580 So. 2d 1288, 1293 (Miss. 1991).  Malicious prosecution claims have a one year statutory limitations period. ***Bankston v. Pass Rd. Tire Ctr. Inc.***, 611 So. 2d 998, 1003 (Miss. 1992). To prove such a claim, a party must prove an act is done with malice, and if so, he proved defendants were acting outside the course and scope of their employment for purposes of the Tort Claims Act. *See* Miss. Code Ann. § 11-46-5(2) (Rev. 2019).  Here, Moton alleges that the claims against him were dismissed on May 8, 2019, but he did not initiate the underlying complaint until 2021.  Because Moton did not file his claim within the statute of limitations applicable to a malicious prosecution claim, we affirm the judgment of the trial court.

## CONCLUSION

¶21.   We affirm the judgment of the trial court because the trial court correctly found that Moton's tort law claims were barred by the statute of limitations in the Mississippi Tort Claims Act and his claims arising under the Mississippi Constitution were barred by the general statute of limitations.  Additionally, Moton's claim for malicious prosecution was properly dismissed because he filed the complaint after the one year statute of limitations applicable to a malicious prosecution claim had expired.

¶22.   **AFFIRMED.**

   **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**