HAWKINS, Presiding Justice,
for the Court:
This is an appeal by Donna Henderson of her conviction in the circuit court of Pearl River County for obtaining money under false pretenses by writing a bad check, in violation of Miss.Code Ann. § 97-19-55 (1984). Because the only representation, if any, made by Henderson as to the check was that when it would be presented over three weeks later for cashing there would be sufficient funds to honor it, this constituted no criminal offense.
We, therefore, reverse and render, discharging the appellant.
FACTS
On October 4, 1985, the defendant, Mrs. Henderson, met with James D. Webb about renting a residence in Pearl River County, as well as purchasing the property. She and her husband Don Henderson lived in Carriere. Henderson was employed on an offshore oil well drilling operation.
Mrs. Henderson paid Webb $500 in cash for the first month’s rent, and wrote him a check for $3,000.00, dated October 4, drawn on the Hancock Bank, Picayune branch. On that day she started moving their household furniture into the house.
On October 14, 1985, Webb and his wife Mrs. Jean Webb, and the Hendersons executed a Lease Contract and Option whereby the Webbs leased the residence in Pearl River County for a period of 12 months at $500 per month rent, payable in advance beginning October 4, 1985. The lease obligated the Hendersons, among other things, to keep the premises in good repair, and maintain fire and extended insurance, and be responsible for all damages.
The contract also contained an option whereby, for the sum of $3,000, the lessors granted the lessees Hendersons a 12-month option to purchase the property for $79,500, payable by a $7,950 down payment, the balance payable in monthly installments over a 15-year period, with 12% per annum, and secured by a deed of trust on the property leased and which would be conveyed. If the lessees desired to examine the title, they were free to do so at their expense, and if defects could not be cured, the lessors/optioners would refund the $3,000 with no interest. The option had to be exercised on or before October 4, 1986. The option further provided that if lessees failed to exercise the option, the $3,000 would be retained by the Webbs. Finally, the contract contained the following paragraph:
It is mutually understood and agreed that if the Lessees shall fail or refuse to make the payment on the rental on said property as herein provided, when and as the same become due and payable, or if Lessees shall fail to pay the sum of $3,000 due under the Option hereto on or before October 28, 1985, or if the Lessees shall fail to comply with any other agreement and provision in this Contract and Option; then this Lease and *556 Option shall terminate and end and the Lessees agree to surrender possession of the said leased premises back to the Lessors, without the necessity of any legal notice, or legal proceeding to obtain possession of said property and all funds paid to Lessors shall be retained as liquidated damages. [Emphasis added]
The $3,000 check delivered to Webb on October 4 represented the $3,000 consideration for the option in the contract.
On October 28, Webb took the check to the depository bank, but could not cash it because the Hendersons did not have sufficient funds on deposit. In fact, at no time during the month of October was there on deposit sufficient funds to honor this check. The Hendersons continued to pay their monthly rental through 1985, but efforts by Webb to collect the $3,000 were unsuccessful.
Webb made efforts through the justice court to collect the money, and wrote a letter which he mailed by certified mail, threatening Mrs. Henderson with prosecution unless the check was paid. He then went to justice court and made an affidavit for her arrest.
In January, 1986, Webb also filed an eviction suit against the Hendersons, and got possession of the house the latter part of January or the first few days in February.
On March 24, 1986, the grand jury of Pearl River County indicted Mrs. Henderson for feloniously intending to defraud Webb by giving him the $3,000 check when there were insufficient funds in the bank to pay it, in violation of Miss.Code Ann. § 97-19-55.
Mrs. Henderson was convicted, and has appealed.
LAW
Miss.Code Ann. § 97-19-55 provides:
§ 97-19-55. Bad checks.
It shall be unlawful for any person with fraudulent intent to make, draw, issue, utter or deliver any check, draft or order for payment of money drawn on any bank, corporation, firm or person for the purpose of obtaining money, services or any article of value, or for the purpose of satisfying a pre-existing debt or making a payment or payments on a past-due account or accounts, knowing at the time of making, drawing, issuing, uttering or delivering said check, draft or order that the maker or drawer has not sufficient funds in or on deposit with such bank, corporation, firm or person for the payment of said check, draft or order in full, and all other checks, drafts or orders upon such funds then outstanding. [Emphasis added]
Mrs. Henderson apparently was a housewife.
This case must be reversed because it is obvious she did not violate the statute. The statute first requires that when the maker of the check writes it, she has to know at the time that she “... has not sufficient funds in or on deposit with such bank ...” While this check was written on and dated October 4, by agreement it was not to be presented for payment until October 28. Had the parties contemplated cashing the check on October 4, there would not have been insufficient funds. At most, however, Mrs. Henderson obligated herself that when the check would be presented on October 28, there would be sufficient funds on deposit on that date. This represents a future obligation as to payment of the check not contemplated by the statute. See: Miller v. State, 413 So.2d 1041, 1042 (Miss.1982), and cases cited; Walley v. State, 458 So.2d 734 (Miss.1984).
It is also doubtful if obtaining an option to purchase realty with one year right-of-exercise constituted “money, services or any article of value,” contemplated by the statute.
Moreover, it is well settled, under the general false pretenses statute, Miss.Code Ann. § 97-19-39, that before “the factual representation becomes criminal, it must relate to present or past fact, thus excluding a representation such as that here made, i.e., a promise to repay money in the future.” State v. Allen, 505 So.2d 1024, 1025 (Miss.1987); State v. Rivenbark, 509 *557 So.2d 1047, 1048 (Miss.1987); Young v. State, 209 So.2d 189 (Miss.1968).
CONCLUSION
This State’s resources of time and money for criminal prosecutions are far too limited and stretched for a manifestly civil dispute, which is all this is.
REVERSED AND APPELLANT DISCHARGED.