# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60364
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2017

Lyle W. Cayce
Clerk

LESLY GATHERIGHT,

      Plaintiff–Appellant,

v.

NORMAN CLARK; NAC FARMS, INCORPORATED, also known as Clark Farms,

      Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:12-CV-111

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

      Lesly Gatheright appeals the district court's grant of summary judgment in favor of Norman Clark and NAC Farms, Inc. and corresponding dismissal of Gatheright's claims.  We affirm.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60364

## I

In 2007, Gatheright wrote and delivered two post-dated checks to Clark for two separate purchases of sweet potatoes. When Clark attempted to cash those checks, they were returned for insufficient funds. Gatheright subsequently filed for bankruptcy and included the debt to Clark on the proper schedule of the bankruptcy petition. Clark attended the meeting of creditors. During this time, Clark filed two "Bad Check Affidavits" on preprinted forms with the Justice Court of Calhoun County, alleging that Gatheright "willfully and unlawfully, and feloniously with intent to defraud" issued and delivered the two checks to Clark. The bad check affidavits do not mention post-dating. A warrant issued for Gatheright's arrest in connection with the checks, and he was later arrested in Chicago where he was held without bond for six weeks until he was extradited to Mississippi, where he spent another five days in jail. He was indicted on two counts of False Pretenses, one for each check. Both counts were ultimately dismissed.

Gatheright initiated this diversity suit against Clark alleging (1) malicious prosecution; (2) false arrest and imprisonment; (3) abuse of process; and (4) intentional infliction of emotional distress premised largely on his argument that Mississippi law does not allow a false pretenses conviction to rest on a post-dated check. The district court dismissed the false arrest and imprisonment claim in a separate order not presently before this court, but allowed Gatheright to proceed on his other three claims. Gatheright filed a motion for partial summary judgment and Clark filed a motion for summary judgment as to the remaining three claims. The district court granted Clark's motion and dismissed the claims. Gatheright appeals.

No. 16-60364

## II

This court reviews a grant of summary judgment de novo.[1] Summary judgment is appropriate when the evidence reveals no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[2] The moving party bears the initial burden of presenting the basis for the motion and pointing out which portions of the record or summary judgment evidence show there is no genuine issue of material fact, and if that burden is satisfied, then the non-moving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial.[3] At the summary judgment stage, factual disputes are resolved in favor of the non-moving party,[4] and the court may not make credibility determinations or weigh the evidence.[5] However, a "party opposing summary judgment may not rest on mere conclusory allegations or denials in [his] pleadings"[6] and this court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] This court may "affirm a grant of summary judgment on any grounds supported by the record and presented to the [district] court."[8]

Gatheright contends that because three of his claims survived Clark's motion to dismiss, the district court should have ruled in Gatheright's favor at summary judgment and that the district court inappropriately reached

---

[1] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).

[2] FED. R. CIV. P. 56(a).

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[4] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

[6] *Smith*, 827 F.3d at 417 (internal quotation marks omitted) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).

[7] *Little*, 37 F.3d at 1075.

[8] *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (internal quotation marks omitted) (quoting *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008)).

3

different legal conclusions about the evidence presented at the summary judgment stage.  Gatheright conflates the legal standards for dismissal for failure to state a claim and dismissal on summary judgment.  At the motion to dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness;'" on summary judgment, "the plaintiff can no longer rest on the pleadings."[9]  Gatheright has largely failed to identify evidence in his favor and "[i]t is not our function to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which he relies."[10]  Nevertheless, given our "traditional disposition of leniency toward pro se litigants,"[11] we proceed to examine the district court's grant of summary judgment, viewing the facts presented in the light most favorable to Gatheright.

### III

Under Mississippi law, a malicious prosecution claim has six elements: (1) the institution of a proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such proceeding in the plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) the suffering of the injury or damage as a result of the prosecution.[12]

The facts of this case support some of the elements.  Clark may have instituted a proceeding by filing the bad check affidavits.[13]  It is undisputed that both charges were subsequently dismissed in Gatheright's favor and that

---

[9] *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

[10] *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 555 n.7 (5th Cir. 2016) (internal quotation marks omitted) (quoting *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996)).

[11] *Davis v. Hernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (internal quotation marks omitted) (quoting *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam)).

[12] *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 973 (Miss. 2001).

[13] *See Royal Oil Co. v. Wells*, 500 So. 2d 439, 443 (Miss. 1986).

No. 16-60364

Gatheright suffered injury by spending time in jail. However, malice and lack of probable cause are not conceded, and Gatheright has failed to designate any specific facts to suggest a question of material fact on either element.

Probable cause requires the defendant have both "(1) an honest belief in the guilt of the person accused, and (2) reasonable grounds for such belief."[14] Under Mississippi law, an indictment is not necessarily conclusive evidence of probable cause,[15] but it may be prima facie evidence.[16] "Thus, when a complaint for malicious prosecution shows on its face that a grand jury indicted the plaintiff, the plaintiff must 'plead facts showing fraud or other improprieties in his prosecution to overcome this prima facie probable cause.'"[17] Even without the indictment, the record indicates Clark had probable cause, and Gatheright has not come forward with any evidence to the contrary.

There is nothing to suggest Clark's belief in Gatheright's guilt was unreasonable. Clark held over $16,000 in bad checks from Gatheright, a sum greater than what the Mississippi Supreme Court has previously found would prompt a reasonable person to institute criminal proceedings.[18] There is likewise nothing in the record to generate a question of material fact as to the honesty of Clark's belief. Though Gatheright repeatedly refers to *Henderson v. State*[19] for the proposition that a post-dated check cannot form the basis of

---

[14] *Id.*

[15] *Cf., id.* (concluding that a *conviction* is prima facie evidence of probable cause, but the mere decision by the Justice Court to send the matter to grand jury, without a conviction, was not).

[16] *Springfield v. Members 1st Cmty. Fed. Credit Union*, 106 So. 3d 826, 830 (Miss. Ct. App. 2012).

[17] *Id.* (quoting 28 A.L.R.3d 748 (1969)).

[18] *See Bankston v. Pass Rd. Tire Ctr., Inc.*, 611 So. 2d 998, 1007 (Miss. 1992) (concluding that "[a] reasonable person would have instituted proceedings" when confronted "with almost $10,000.00 in dishonored checks").

[19] 534 So. 2d 554 (Miss. 1988).

No. 16-60364

a false pretenses charge in Mississippi,[20] the record is devoid of any suggestion that either Clark or the clerk knew what charge the bad check affidavits might support.  The affidavits themselves made no reference to any specific crime or portion of the Mississippi Code.  The title of the crime first appears on the grand jury indictment, suggesting the state, not Clark, decided what charge would be levied.  The clerk who directed Clark to fill out the pre-printed bad check affidavits did not ask if the checks were post-dated, and had no opinion as to whether a post-dated check could be prosecuted.  In sum, the record shows that Clark filled out a standard form and the grand jury indicted on both counts.

Finally, the record shows Clark filed the affidavits before he attended the meeting of creditors, undermining any inference that he attempted to use the criminal process to avoid the bankruptcy stay.  The mere fact that Gatheright had filed for bankruptcy does not preclude the institution of state criminal proceedings against him, as criminal prosecutions are exempt from the automatic stay.[21]  Gatheright has failed to bring forth any evidence to show Clark lacked either a reasonable or honest belief in Gatheright's guilt at the time he filed the affidavits.

---

[20] It is not entirely clear that this is always true.  *Henderson* concerned an agreement to wait to cash a check that was not post-dated as part of an option agreement.  *Id.* at 555-56.  Furthermore, in dismissing one of the counts against Gatheright, the Mississippi circuit court noted that a false pretenses claim premised on a post-dated check could succeed if the jury inferred intent to defraud by providing a post-dated check, knowing the recipient intended to immediately negotiate it.

[21] 11 U.S.C. § 362(b)(1); *see In re Fussell*, 928 F.2d 712, 716 (5th Cir. 1991) ("[W]e have squarely held that a bankrupt 'has no federal right to prevent the [state] courts from requiring him to repay debts that are the subject of his bankruptcy proceedings.'") (quoting *McDonald v. Burrows*, 731 F.2d 294, 299 (5th Cir. 1984)); *see also In re Gruntz*, 202 F.3d 1074, 1084-85 (9th Cir. 2000) (noting that the plain language of 11 U.S.C. § 362 makes no exception for prosecutorial motive, and that even criminal prosecutions with the underlying purpose of debt collection are exempt from the automatic stay).

No. 16-60364

There is also no genuine question of material fact on the element of malice. For the purposes of a malicious prosecution claim, malice "is used in an artificial and legal sense and applied to a prosecution instituted primarily for purpose[s] other than that of bringing an offender to justice."[22]   Under Mississippi law, "a citizen has a privilege to start the criminal law into action by complaints to the proper officials so long as one acts either in good faith, i.e., for a legitimate purpose, or with reasonable grounds to believe that the person proceeded against may be guilty of the offense charged."[23]   This requires the court to look to the "subjective state of mind" of the defendant.[24]

As discussed above, Clark's belief in Gatheright's guilt was not unreasonable. Gatheright has made no showing that Clark attempted to use the criminal process for any purpose other than bringing Gatheright to justice. Gatheright has not come forward with any evidence that Clark acted for any ulterior purpose, and while circumstantial evidence may prove malice,[25] bare allegations that Clark acted maliciously, with no supporting evidence, are insufficient.[26]   The district court did not err in dismissing the malicious prosecution claim.

## IV

Abuse of process is "concerned with the improper use of process after it has been issued."[27]   The elements of abuse of process are: "(1) an illegal and improper perverted use of the process, which was neither warranted nor

---

[22] *Royal Oil Co. v. Wells*, 500 So. 2d 439, 444 (Miss. 1986).

[23] *Downtown Grill, Inc. v. Connell*, 721 So. 2d 1113, 1117 (Miss. 1998) (internal quotation marks omitted) (quoting *Benjamin v. Hooper Elec. Supply Co.*, 568 So. 2d 1182, 1187 (Miss. 1990)).

[24] *Bankston*, 611 So. 2d at 1006.

[25] *Royal Oil Co.*, 500 So. 2d at 444.

[26] *See Bankston*, 611 So. 2d at 1006-07 (upholding a directed verdict in a case in which the plaintiff did "not put on any proof, or even speculate[ ], as to the intent of any of the defendants").

[27] *Moon v. Condere Corp.*, 690 So. 2d 1191, 1197 (Miss. 1997).

authorized by the process; (2) ulterior motive or purpose of a person in exercising such illegal, perverted, or improper use of process; and (3) resulting damage or injury."[28]  Where a claim is based solely on the filing of a suit, and not on any perversion of the process once process issues, a claim for abuse of process will fail.[29]

Though not relied on by the district court, the statute of limitations in Mississippi for abuse of process is one year[30] from "the termination of the acts which constitute the abuse complained of, and not from the completion of the action which the process issued."[31]  Unlike malicious prosecution, abuse of process does not require a favorable termination. Gatheright alleges the filing of the bad check affidavit in April of 2008 as the complained of abuse.  The complaint was filed more than four years later.  Because the claim was time-barred, summary judgment in Clark's favor was appropriate.

Even if his claim were not time-barred, Gatheright has not alleged *any use* of process, much less abuse, by Clark beyond the filing of the bad check affidavits.  Filing of the affidavits led to the instigation of the suit, not abuse of the judicial process once the suit began.  The evidence obtained during discovery shows the process proceeded automatically once the affidavits were filed.  Clark's involvement in the prosecution after providing the affidavits and check copies to the authorities was limited to answering questions posed to him by an investigating officer.  Gatheright is merely restating his malicious

---

[28] *McClinton v. Delta Pride Catfish, Inc.,* 792 So. 2d 968, 975 (Miss. 2001).

[29] *See Moon*, 690 So. 2d at 1197; *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994) ("The gravamen of [the abuse of process] tort is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends.").

[30] MISS. CODE ANN. § 15-1-35; *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990).

[31] *Hyde Constr. Co. v. Koehring Co.*, 321 F. Supp. 1193, 1207 (S.D. Miss 1969) (quoting 1 A.L.R.3d 953 (1965)); *accord Childers v. Beaver Dam Plantation, Inc.*, 360 F. Supp. 331, 333-34 (N.D. Miss. 1973).

No. 16-60364

prosecution claim, and the district court's grant of summary judgment in Clark's favor and dismissal of the abuse of process claim was not error.

## V

Intentional infliction of emotional distress is likewise subject to a one-year statute of limitations under Mississippi law.[32]  The limitations period begins to run as soon as the events giving rise to the distress occur.[33]  In this case, as in the abuse of process claim, the bad check affidavits were executed more than four years before this lawsuit was filed.  Therefore, Gatheright's claims are time-barred and dismissal appropriate.

Even if this claim were not time-barred, "meeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi."[34]  Mississippi requires the conduct of the defendant be "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless"[35] or "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[36]  As discussed above, Clark's filing the bad check affidavits cannot be fairly characterized as "beyond all possible bounds of decency."[37]  Therefore, summary judgment was appropriate.

The district court was correct to grant summary judgment in favor of Clark on all three claims.  Gatheright has failed to meet his burden to go beyond the pleadings to show any issue of genuine material fact for trial.

---

[32] *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010).

[33] *CitiFinancial Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007).

[34] *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (internal quotation marks omitted) (quoting *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993)).

[35] *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995).

[36] *Speed*, 787 So. 2d at 630 (internal quotation marks omitted) (quoting *Pegues v. Emerson Elec. Co.*, 913 F. Supp. 976, 982 (N.D. Miss. 1996)).

[37] *Id.*; *see, e.g.*, *Bankston v. Pass Rd. Tire Ctr., Inc.*, 611 So. 2d 998, 1007 (Miss. 1992) (concluding that "[a] reasonable person would have instituted proceedings" when confronted "with almost $10,000.00 in dishonored checks").

No. 16-60364

* * *

For the reasons set forth herein, the judgment of the district court is AFFIRMED.